**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GENARO GALINDO, ) | |
| ) | |
| Plaintiff, ) | Case No. 20-cv-03409 |
| ) | |
| v. ) | Honorable Robert M. Dow, Jr |
| ) | |
| CITY OF CHICAGO, et al., ) | Magistrate Judge Valdez |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT MOTION TO BIFURCATE
PLAINTIFF'S *MONELL* CLAIM AND TO STAY *MONELL* DISCOVERY**

Now comes Defendant City of Chicago ("Defendant City"), by and through its attorney, Mark A. Flessner, Corporation Counsel of the City of Chicago, and Defendants Walter Chudzik, Sean Brandon, Robert Gallas, Edmund Zablocki, David Magana, Eduardo Almanza, Vernon Mitchell Jr., and John Dolan (collectively, "Individual Defendants"), by and through their attorneys, Sanchez Daniels & Hoffman LLP, and move this Honorable Court, pursuant to Fed. R. Civ. P. 42(b), to: (1) bifurcate Plaintiff's *Monell* claim pursuant to Rule 42; (2) stay discovery and/or litigation of the *Monell* claim; (3) enter Defendant City's proposed *Limited Consent to Entry of Judgment* (hereinafter "*Limited Consent*"), attached hereto as Exhibit A; and (4) stay *Monell* discovery while this motion is pending. In support of its motion, Defendants state as follows:

BACKGROUND

On August 31, 2020, Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Constitutional rights. [ECF 24]. Plaintiff's First Amended Complaint brings the following claims: Count I – fourth amendment unreasonable seizure; Count II – conspiracy; Count III – fourth amendment unlawful detention; Count IV – a *Monell* claim against Defendant City. *Id.*

On December 30, 2018, a search warrant was executed at Plaintiff's home and Plaintiff was arrested and detained for possession of a firearm. *Id.* Plaintiff alleges that the search of his home and his subsequent detention violated his Constitutional rights. *Id.* Plaintiff also brings a *Monell* claim against Defendant City alleging, in pertinent part, as follows:

> The misconduct of the Defendant Officers was facilitated by the Chicago Police Department's deficient policies and procedures relating to obtaining and executing search warrants. This misconduct included failing to make reasonable efforts to corroborate or properly investigate information provided by informants, fabricating or concealing material information in order to obtain warrants, and failing to record the execution of search warrants with body worn cameras in order to hold officers accountable and deter misconduct during the execution of search warrants.
>
> As a matter of practice, the Chicago Police Department facilitates the type of misconduct at issue by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff. Specifically, Chicago Police officers accused of civil rights violations can be confident that neither the Independent Review Authority, COPA, nor Internal Affairs will reasonably investigate those accusations, and will refuse to recommend discipline even where the Officer has violated rights of citizens.

[ECF 24 ¶¶ 60-61].

Defendant City now moves to bifurcate and stay Plaintiff's *Monell* claim to promote judicial economy and limit unfair prejudice.

<u>LEGAL STANDARD</u>

**I.   Bifurcating *Monell* claims**

Federal Rule of Civil Procedure 42 states, in relevant part, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed.R.Civ.P. 42(b). Only one of these criteria need be met for bifurcation to be appropriate. *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994). The court has "considerable discretion" over whether to bifurcate claims,

*Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000), but may bifurcate "separate claims or issues for trial if the separation would prevent prejudice to a party or promote judicial economy." *Chlopek v. Federal Insurance Company*, 499 F.3d 692, 200 (7th Cir. 2007). That is, of course, so long as the non-moving party suffers no prejudice or a violation of the Seventh Amendment. *Id.* Weighing a motion to bifurcate requires "a pragmatic mindset" and is a "case-specific assessment of the advantages and disadvantages of bifurcation." *Cruz v. City of Chicago*, 2008 WL 5244616, at *1 (N.D. Ill. Dec. 16, 2008); *Ojeda-Beltran v. Lucio*, 2008 WL 2782815, at *1 (N.D. Ill. July 16, 2008).

    **II.**    **Staying *Monell* Discovery**

Federal Rule of Civil Procedure 26 allows the court to stay discovery on *Monell* claims. Fed. R. Civ. P. 26 (d); *Jones v. City of Chicago*, No. 98 C 5418, 1999 WL 160228, at *3 (N.D. Ill. Mar. 10, 1999). Judges "are to be commended . . . for keeping tight reigns" on pretrial discovery, given the cost and burden to the parties that it imposes. *Oliveri v. Rodriguez,* 122 F.3d 406, 409-10 (7th Cir. 1997) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

## **ARGUMENT**

Bifurcation and stay of Plaintiff's *Monell* claim (Count IV) best serves the Rule 42 interests of convenience, economy, expedition, and avoidance of undue prejudice; it also represents a sound exercise of the Court's inherent power to control its docket. *Krocka*, 203 F.3d at 516. Further, Defendant City will agree to an entry of judgment if Plaintiff prevails on the underlying constitutional claims against the Individual Defendants. Bifurcation and a stay of the *Monell* claim is a sensible decision favorable to all parties.

I. **Plaintiff's *Monell* claim should be bifurcated and the *Monell* discovery stayed because Plaintiff must first prove that he suffered a constitutional violation as a predicate to *Monell* liability.**

Plaintiff brings several constitutional claims against the Individual Defendants in this case. While Plaintiff seeks to hold Defendant City liable based upon claims that it maintained several *de facto* policies relating to alleged improper search warrant practices, these theories become moot if Plaintiff does not first establish that he suffered a constitutional deprivation. *See Elizarri v. Sheriff of Cook County*, 901 F.3d 787, 791 (7th Cir. 2018) "[I]t is established that a municipality cannot be held liable [under *Monell*] without an underlying violation of the Constitution by a municipal employee."); *Sallenger v. City of Springfield, Ill*., 630 F.3d 499, 504 (7th Cir. 2010) (same); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) (same result with regard to derivative *Monell* failure to adequately train claim); *Alexander v. South Bend*, 433 F.3d 550, 557 (7th Cir. 2006) (same result with regard to *Monell* claim alleging failure to train or supervise police officers).

As courts have stated, Defendant City's liability is dependent on the actions of the Individual Defendants, as it pertains to Plaintiff's constitutional claims, if not necessarily the Individuals Defendants' liabilities. *Ezell*, 2019 WL 3776616, at *4. As the Supreme Court has noted, "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that [municipal wrongdoing is also alleged] . . . is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*per curiam*); *see also D.S. v. E. Porter Cty. Sch. Corp*., 799 F.3d 793, 800 (7th Cir. 2015) ("municipality cannot be found liable under *Monell* when there is no underlying constitutional violation by a municipal employee").

Additionally, Defendant City's proposed *Limited Consent*, attached hereto as Exhibit A, addresses any concerns relating to the Individual Defendants' assertion of a defense of qualified

immunity. Even if the Individual Defendants successfully assert this defense, the proposed *Limited Consent* will still apply, and judgment would still be entered against Defendant City. Exhibit A at ¶ 5.

Accordingly, continued litigation of Plaintiff's *Monell* claim is unnecessary, and bifurcating the claims in this case will best serve the interests of this litigation and judicial economy.

**II.  Bifurcation best serves the interests of litigation and judicial economy.**

*a. Bifurcating and staying the Monell claim best serves the Court's and the parties' interests in minimizing the complexity and burdens of litigation.*

Bifurcation allows both parties to avoid burdensome and potentially unnecessary discovery and litigation costs. Generally, a plaintiff cannot prevail on a *Monell* claim without first establishing an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Matthews v. City of East St. Louis*, 675 F.3d 703, 709 (7th Cir. 2012) (holding that without a constitutional violation, there can be no *Monell* liability). Unless Plaintiff succeeds on his claims and show that the Individual Defendants violated his constitutional rights, the City cannot be held liable.[1] "Bifurcation can . . . present a number of benefits including the bypassing of significant discovery . . . and a shorter trial." *Andersen v. City of Chicago*, 2016 WL 7240765, at *4 (N.D. Ill. Dec. 14, 2016).

Courts have very recently bifurcated a *Monell* claim, finding that the interests of the litigation and judicial economy weighed in favor of bifurcation. *Blackmon*, 2020 WL 1888913 at

---

[1] To be clear, this general rule does allow for municipal liability even if there is no individual employee liability, so long as such a finding would not create an inconsistent verdict, such as when the officer has qualified immunity on a claim. *See Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 305 (7th Cir. 2010). Even if qualified immunity exists in this case, and Defendant City could be found liable on a *Monell* claim even though the Individual Defendants could be found not liable, Defendant City's proposed *Limited Consent to Entry of Judgment* waives qualified immunity if an underlying constitutional violation is found. Exhibit A at ¶ 5.

*5. In *Blackmon*, the plaintiff brought several claims under §1983. *Id*. at *1. The Court in *Blackmon* noted:

> First, as described above, the *Monell* claims are unnecessary to Blackmon's recovery due to the Amended Limited Consent form. Blackmon's claims for compensatory damages can be resolved without ever delving into the *Monell* claims. Second, the City shows that allowing discovery and presentation of evidence at trial into Blackmon's expansive *Monell* claims would be unduly burdensome.

*Id*. at *6. This same analysis applies here. Other Courts have recently come to similar conclusions. "[B]ifurcation would promote judicial economy" because "[i]f [plaintiff's] claims against the individual officers fail, it will likely be unnecessary to litigate his *Monell* claim." *Batchelor v. City of Chicago, et al*., 2020 WL 509034 at *6. In addition, Courts have recognized that bifurcation is warranted where "the *Monell* claim is now the driving expenditure of time and resources that it is difficult to justify" and "the harms described could only have manifested through Defendant Officers' actions." *Rodriquez v. City of Chicago, et al.*, 17 C 7248, ECF No. 163 (Kim, Mag. J.).

In this case, the underlying claims against the Individual Defendants are more straightforward in terms of discovery and trial. The basis for these claims is a discrete incident occurring, largely, on December 30, 2018 and involving a distinct set of witnesses. However, including the litigation of the *Monell* claim in discovery and trial unduly complicates an otherwise straightforward case and dwarfs the discovery that is relevant to what happened *here*. Indeed, as part of the *Monell* claim, Plaintiff alleges that the Individual Defendants have dozens of citizen complaints against them. See ECF 24 at ¶¶ 66-72. The parties potentially will have to devote an inordinate amount of time investigating and addressing those unrelated complaints that are, in the grand scheme of things, irrelevant to whether Plaintiff's rights were or were not violated here.

If *Monell* discovery is allowed to proceed at this stage, Defendant City will likely be subject to extensive written discovery relating to Plaintiff's *Monell* claim, in addition to the significant

discovery that relating to the underlying incident. Plaintiff could attempt to include Rule 30(b)(6) witnesses from various divisions within the Chicago Police Department. Costly expert discovery could follow fact discovery, with both Plaintiff and Defendant City likely retaining expert witnesses. Further, in addition to any *Monell* requests by Plaintiff, Defendant City will seek to defend itself from Plaintiff's allegations, which could also involve analyses of time periods and actions far afield from the facts here. This type of discovery can be many multiples of the discovery on the facts of a specific incident at a point in time and cause all parties to incur large additional and unnecessary costs. *See, e.g., Moore v. City of Chicago*, 2007 WL 3037121, at *9 (N.D. Ill. Oct. 15, 2007). In cases lacking private incentives to limit the scope of litigation, active judicial oversight can help prevent straightforward cases like this one from spiraling out of control." *Montanez v. Simon*, 755 F.3d 547, 552 (7th Cir. 2014).

The Seventh Circuit has suggested that bifurcation of *Monell* claims in favor of litigating the underlying constitutional claims is an acceptable solution to the problems posed by *Monell* discovery. In *Swanigan v. City of Chicago*, the district court stayed the *Monell* claim until the claims against the individual defendant officers were litigated and resolved. *Swanigan v. City of Chicago*, 775 F.3d 953, 957 (7th Cir. 2015). On appeal on other matters, the Seventh Circuit made special mention of this Court's decision to stay *Monell* discovery and found it was "sensible, especially in light of the volume of civil-rights litigation that district courts must manage." *Id.* at 962. In situations where the plaintiff seeks only monetary damages and "a municipal defendant is willing (or required) to indemnify individual defendants for compensatory damages as well as an award of attorney's fees and costs" then there "is no need for the parties to spend time and money litigating a *Monell* claim." *Id.*

      b. *Bifurcating and staying the Monell claim best serves the interests of judicial economy.*

Granting this motion also promotes judicial economy. Bifurcation of the *Monell* claim eliminates the need for (1) judicial intervention into discovery disputes arising from this claim; (2) briefing and ruling on the summary judgment motion Defendant City will file; and (3) if the claim survives summary judgment, presiding over a trial that will be far longer and more factually and legally complex than a trial that would focus solely on the Individual Defendants' liability. *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000) ("The trial of the claims against the individual officers is . . . likely to be shorter, and perhaps significantly shorter, than a trial also involving *Monell* claims."). The Seventh Circuit has explicitly endorsed bifurcation to avoid "the waste of the valuable time and resources of the court" in addition to serving the interests underlying Rule 42. *Treece v. Hochsteler*, 213 F.3d 360, 365 (7th Cir. 2000). Indeed, the "willingness of many judges to grant [*Monell* bifurcation motions] stems in large part from [this] recognition." *Terry v. Cook Cnty. Dep't of Corrs.*, 2010 WL 2720754, at *2 (N.D. Ill. July 8, 2010). As a result, staying the *Monell* claim while the claims against the Individual Defendants are litigated is sensible, given the district courts' high volume of cases. *Swanigan*, 775 F.3d at 962. In recognition of this, Northern District trial courts, including this Court, have increasingly bifurcated and stayed *Monell* discovery for judicial efficiency. *See Ezell*, 2019 WL 3776616; *Blackmon,* 2020 WL 1888913; *Williams v. City of Chicago, et al.*, 2018 WL 2561014 (N.D. Ill. 2018).[2]

---

[2] *See also Psaralogos v. City of Chicago, et al.,* 2020 WL 919215 (N.D. Ill. 2020) (Weisman, Mag. J.), *Batchelor v. City of Chicago, et al.*, 2020 WL 509034 (N.D. Ill. 2020) (Bucklo, J.), *Arrington v. City of Chicago, et al.*, 2018 WL 3861552 (N.D. Ill. 2018) (Durkin, J.); *Williams v. City of Chicago, et al.*, 2018 WL 2561014 (N.D. Ill. 2018) (Kendall, J.), *Ackerman v. Allen*, 2017 WL 1536447 (N.D. Ill. 2017) (Castillo, CJ.); *Bolden v. City* 17 C 417, ECF No.171 (Shah, J.); *Harris v. City of Chicago, et al.*, 2016 WL 3261522 (N.D.Ill. 2016) (Darrah, J.); *Walker v. White et. al.*, 16 C 7024, ECF No. 98 (Shah, J.), *Horton v. City of Chicago, et al.*, 2016 WL 316878 (N.D.Ill. 2016) (Dow, J.); *Castellanos v. Lawryn, et al.*, 14 C 1841, ECF No. 43 (N.D. Ill. 2014) (Kim, Mag. J.); *Taylor v. Hughes, et al.*, 13 C 4597, ECF No. 87 (N.D. Ill. 2015) (Shah, J.); *Veal v. Kachiroubas*, 2014 WL 321708 (N.D.Ill. 2014) (Lefkow, J.); *Taylor v. Kachiroubas*, 2013 WL 6050492 (N.D.Ill. 2013) (Gottschall, J.); *Carr v. City of North Chicago*, 2012 WL 5463890 (N.D.Ill. 2012) (Keys, Mag. J.).

The experience of this Court, as well as these parties and other litigants, suggests that bifurcation would help ensure more streamlined litigation beneficial to everyone involved. Bifurcating the *Monell* claim would allow the Plaintiff and the Individual Defendants to move forward on the claims of the constitutional violations, without which preclude a *Monell* finding, without further delay. There are only a limited number of depositions to be taken regarding the underlying incident. After the conclusion of fact discovery, Defendant Officers will likely move for summary judgment. Like the Defendants, Plaintiff has an interest in this litigation moving forward and avoiding undue delays.

### III.     Bifurcation will assist in eliminating the risk of unfair prejudice against the parties.

A single trial of both the Individual Defendants and Defendant City will severely and unduly prejudice Defendants. Bifurcation of claims is an appropriate remedy to avoid such prejudice. Fed. R. Civ. P. 42(b).

Introducing evidence relating to the allegations in Plaintiff's *Monell* claim creates a substantial risk of prejudice for the Individual Defendants and undermines their ability to receive a fair trial. *Veal*, 2014 WL 321708, at *6. The vast majority of the trial on Plaintiff's *Monell* claim will be about city officials, citizens, and conduct that is wholly unrelated to what happened here. It is inevitable that in such situations, the jury will believe that it should find liability by association alone. This danger requires bifurcation. *See Tanner v. City of Waukegan*, 2011 WL 686867, at *9-10 (N.D. Ill. Feb. 16, 2011). In this situation, there is a "real danger that evidence admissible on the issues relating to conduct by the City . . . will contaminate the mind of the finder of fact in its consideration of the liability of the other defendant[s]." *Ojeda-Beltran v. Lucio*, 2008 WL 2782815, at *3 (N.D. Ill. July 16, 2008); *Lopez v. City of Chicago*, 2002 WL 335346, at *2 (N.D. Ill. Mar. 1, 2002) ("[w]ithout bifurcation, the jury would likely hear evidence against the City of

Chicago's various acts of alleged police misconduct committed by numerous non-party officers to establish a policy or practice. Such evidence can be prejudicial to the individual defendants."). Specifically, in this case, Defendant City (and, presumably, Plaintiff) would be admitting evidence of other alleged improper search warrants, and more, and asking the jury to determine whether Defendant City's alleged policies contributed to these incidents, which are unrelated to the Individual Defendants.

In a Section 1983 claim, a defendant's liability rests on "their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Repeatedly referring to the alleged misconduct of non-defendant officers and employees before the jury serves as an invitation to the jury to find the Individual Defendants guilty by association, rather than deciding liability based on their own actions. Here, the Individual Defendants would suffer unfair prejudice due to the wide-ranging nature of the *Monell* claim.

Moreover, Plaintiff will undoubtedly seek to introduce evidence of the Individual Defendants having allegedly conducted improper search warrants under the guise of his *Monell* claim, the sort of evidence that courts routinely bar under Federal Rules of Evidence 403 and 404. Such evidence would further unfairly prejudice the Individual Defendants because it could improperly lead the jury to believe that the volume of unrelated complaints means that the Individual Defendants are guilty in the case at bar.

Likewise, a risk of prejudice exists against Defendant City if the claims are tried in a single trial. *Monell* and its progeny provide plaintiffs with a vehicle to hold a municipality liable for its own conduct; it is not a means by which to hold a municipality liable through a form of vicarious liability like *respondeat superior*. *EG Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011); *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees

are responsible for their own conduct, units of local government are responsible only for their policies rather than misconduct by their workers."). The claims against the Individual Defendants here are largely fact-specific, while the claims against Defendant City are highly complex and intricate, requiring due consideration. The serious allegations against the Individual Defendants, if proven at trial, may cause the jury to hold Defendant City liable on the *Monell* claim, without giving the claim due deliberation and contemplation, if the jurors are disturbed by the conduct of any Individual Defendant. *Monell* would devolve into a *respondeat superior* claim, despite the law requiring that it not. *EG Milestone*, 665 F.3d at 780. The risk of unfair prejudice is easily avoidable by bifurcating the *Monell* claim from the Individual Defendants' claims—there would be no concern about misapplication of the law to the available evidence.

Put simply, "bifurcation is generally likely to bring an earlier disposition of the suit because bifurcation allows a bypass of discovery relating to the *Monell* claims, which can add significant, and possibly unnecessary, time, effort, cost, and complications to the discovery process." *See Clarett v. Suroviak*, 2011 WL 37838, at *2 (N.D. Ill. Jan. 3, 2011). *See also Almaraz v. Haleas*, 602 F. Supp. 2d 920, 925–26 (N.D. Ill. 2008) (*Monell* discovery is much broader than discovery against individual defendants and could result in lengthy and costly discovery unnecessary to the claims against the individual defendants). Conversely, a bifurcation and stay of the *Monell* claim does not bar Plaintiff from asserting his *Monell* claim, should he prevail in the claims against the Individual Defendants. *Andersen*, 2016 WL 7240765, at *6; *Castillo v. City of Chicago*, 2012 WL 1658350, at *6 (N.D.Ill. May 11, 2012). If there is anything to pursue following the resolution of the claims against the Individual Defendants,[3] Plaintiff is free to do so; bifurcation

---

[3] Plaintiff would still need to establish the requisite case and controversy requirement. Fed. R. Civ. P. 12(b)(1); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *Commonwealth Plaza Condominium Ass'n v. City of Chicago*, 693 F.3d 743, 747-48 (7th Cir. 2012). To that end, courts have found that *Monell* is not simply a vehicle to force societal changes through judicial intervention rather than

is not the same as a dismissal. *Carr v. City of N. Chicago*, 908 F.Supp.2d 926, 935 (N.D. Ill. 2012).

Bifurcation and a stay of the *Monell* claim in this case reduces the risk of prejudice against all parties and narrows the focus of discovery to the claims against the Individual Defendants, and this Joint Motion should be granted in its entirety.

**IV.     Bifurcation will not prejudice Plaintiff's recovery of any potential compensatory damages, nor will any non-economic reasons Plaintiff may have for pursuing his *Monell* claim go unaddressed.**

Bifurcation and a stay of the *Monell* claim will not affect Plaintiff's recovery of any compensatory damages that a jury may award. Plaintiff cannot recover any additional compensatory damages based on his *Monell* claim if he has already recovered compensatory damages against the Individual Defendants. *Almaraz*, 602 F. Supp. 2d at 926; *see also Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985). Defendant City has agreed to indemnify the Individual Defendants for compensatory damages. *See* Exhibit A at ¶¶ 4–7. Accordingly, bifurcation and a stay of discovery related to the *Monell* claim will save time and expenses in both the short and long term. *Swanigan*, 775 F.3d at 962; *Almaraz*, 602 F. Supp. 2d at 925–26.

**V.     If Plaintiff prevails on his claims against the Individual Defendants, Defendant City will agree to limited entry of judgment against it.**

Litigation of Plaintiff's *Monell* claim may prove unnecessary, unless Plaintiff can establish that the Individual Defendants violated Plaintiff's constitutional rights. If Plaintiff cannot, then municipal liability cannot stand. *See Treece*, 213 F.3d at 364. If Plaintiff does prevail against the Individual Defendants, Defendant City will consent to the limited entry of a judgment against it for the amount of damages caused by the violation, plus reasonable attorneys' fees, without

---

the legislative process, *Parker v. Banner*, 479 F.Supp.2d 827, 834-35 (N.D.Ill. 2007), and an actual controversy must exist for the claim to proceed.

requiring Plaintiff to prove the elements of Section 1983 municipal liability. Exhibit A, ¶¶ 4–6.

This is no small benefit to Plaintiff as "the decision of a plaintiff to pursue a *Monell* claim carries with it a heavy burden of discovery and proof." *Medina*, 100 F. Supp. 2d at 894. The proposed *Limited Consent* allows Plaintiff to obtain a judgment against Defendant City for any compensatory damages to which he is entitled, as long as he proves the underlying constitutional claims in this case. This avoids the costly and time-consuming litigation of the *Monell* claim. Further, even if the Individual Defendants successfully assert a qualified immunity claim, the *Limited Consent* still governs. Exhibit A, ¶ 5. Given the terms of the proposed *Limited Consent*, "disposition of the individual claims will either legally or practically end the litigation. . . .. If the plaintiff prevails against the officer[s] on his § 1983 claim[s], he is likely not to want or need to proceed any further . . .." *Medina*, 100 F. Supp. 2d at 895. The proposed *Limited Consent* fulfills the goal of ensuring full recovery of compensatory damages if Plaintiff is successful in his constitutional claims against the Individual Defendants.

The proposed *Limited Consent* should alleviate any concern the Court may have about bifurcation, as similar consent agreements have done for other courts. *See Carr*, 908 F. Supp. 2d at 930–33. It allows Plaintiff to recover compensatory damages, while sparing them the cost of litigating a *Monell* claim and meeting the burden of proof on that claim. It streamlines the issues before the Court, while also removing the burden connected to *Monell* litigation.

### VI. Defendants respectfully request a stay of *Monell* discovery, both oral and written, pending resolution of this Motion.

Defendants respectfully request that the Court stay *Monell* discovery pending the resolution of this motion to bifurcate. Counsel for Defendant City and Plaintiff have conferred regarding this Motion. Plaintiff objects to the bifurcation of the *Monell* claim, and the stay of *Monell* discovery. Staying *Monell* discovery while the motion is pending would prevent the burden of potentially

unnecessary discovery to Defendant City, without prejudice to any party.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court: (1) bifurcate Plaintiff's *Monell* claim pursuant to Rule 42; (2) stay discovery and/or litigation of the *Monell* claim; (3) enter Defendant City's proposed *Limited Consent*; and (4) stay *Monell* discovery during the pendency of this Motion; and (5) for the grant of any such other relief as the Court deems just.

**Dated: October 16, 2020**

Respectfully submitted,

/s/ *Kyle A. Rockershousen*
Kyle A. Rockershousen
Iris Chavira
Raoul Mowatt
City of Chicago - Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 744-0742
Kyle.Rockershousen@CityofChicago.org
*Attorneys for Defendant City of Chicago*

/s/ Elaine Davenport
Elaine Cindy Davenport
Stephen Michael Cady
Sanchez Daniels & Hoffman LLP
333 West Wacker Drive
Suite 500
Chicago, IL 60606
(312) 641-1555
Email: edavenport@sanchezdh.com
*Attorneys for Defendant Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2020, I served a copy of foregoing document, **Motion to Bifurcate and Stay,** on all counsel of record by filing with this Court's ECF electronic filing system.

*/s/Kyle Rockershsousen*
Kyle Rockershousen